IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

CHRISTOPHER MCCULLOUGH, #174 909      *

     Plaintiff,      *

       v.      *      3:04-CV-320-MEF
                                                    (WO)

CHAMBERS COUNTY, *et al.*,      *

     Defendants.      *

_____


**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Christopher McCullough, filed this *pro se* action for damages on March 16, 2004 pursuant to 42 U.S.C. § 1983.  He alleges that he has been deprived of rights, privileges, or immunities afforded him under the Constitution and laws of the United States. Named as defendants are Chambers County, Alabama, Robbie Bettis, Lincoln Whaley, Angie McNeal, and Richard Carter.

Defendants filed a special report and supporting evidentiary materials responding to Plaintiff's claims for relief.  (Doc. No. 34.)  In accordance with the instructions contained in the court's order entered on November 16, 2004 (Doc. No. 35), the court deems it appropriate to treat this report as a motion for summary judgment.  Thus, this case is now pending on Defendants' motion for summary judgment.  Upon consideration of the motion, the evidentiary materials filed in support thereof, Plaintiff's opposition to the motion (Doc. No. 39), and Defendants' reply to Plaintiffs' opposition (Doc. No. 40), the court concludes that

Defendants' motion for summary judgment is due to be granted.

.                              **I. BACKGROUND**

Plaintiff complains that Defendants subjected him to an illegal search and seizure on March 19, 2002.   According to the complaint, police stopped Plaintiff's vehicle after receiving information that a passenger in the car possessed a gun.   Plaintiff complains that police did not have probable cause to stop him and conduct a warrantless search of his vehicle. (Doc. No. 1.) Plaintiff further alleges that, after he was taken into custody on March 19 and while he was detained in a holding cell at the Lanett Police Department, Defendant Whaley conducted a warrantless search of his residence which resulted in the illegal recovery of property used as evidence at his criminal trial.  (Doc. Nos. 25, 31.)

The undisputed evidence in this case indicates that on March 19, 2002 Defendants Siggers, McNeal, Whaley, Carter, and other officers of the Lanett Police Department, including became aware from police radio dispatches of an attempted burglary at an occupied residence located in Lanett, Alabama.   Information from the police dispatch noted that the suspects were two black males.   A description of the suspects indicated that one was wearing a dark ski mask and the other a blue bandana.   The suspects were last seen running toward the woods separating the residence in question ("the Gragg residence") from Hillcrest Cemetery.   (Doc. No. 34, Exhs. 1-4.)

Officer Siggers drove his patrol car through the only entrance to the cemetery and observed a Ford Mustang driving down a dirt maintenance road on the far side of the cemetery.   He saw two black males in the vehicle.   At the time of his observations, Officer

Siggers knew that two black males were suspects in an attempted burglary at the Gragg residence adjacent to the cemetery, that the two suspects had run in the direction from which the Ford Mustang was coming, that there was no other place from which the vehicle could have come from because it was on a dead-end road, and that only city maintenance workers had a legitimate reason for being on the dirt maintenance road.  Under the circumstances, Officer Siggers had reasonable suspicion that the two black males in the Ford Mustang had been involved in criminal activity at the Gragg residence.

Accordingly, Officer Siggers activated his emergency lights to stop the Mustang in order to question its occupants. When the car stopped, Officer Siggers asked the two occupants to exit the vehicle.  (The driver of the Ford Mustang was later identified as Christopher McCullough and the passenger as Billy Norris.)  As Plaintiff exited the vehicle, Officer Siggers noticed a dark ski mask hanging from the back pocket of his pants.  Based on his knowledge of the situation, and in order to control the situation for the safety of the suspects, himself, and other officers arriving on the scene, Officer Siggers handcuffed the two suspects. (Doc. No. 34, Exhs. 1-4.)

Believing it likely that the two suspects were armed in light of the fact of the daytime burglary of an occupied residence, officers conducted a search of the Mustang for weapons. Behind the back seat of the car Officer Carter discovered a loaded .357 magnum revolver and a loaded 9 mm pistol located within reach of the passenger area.  The guns were later identified by their serial numbers as having been stolen in a previous Chambers County burglary.  (Doc. No. 34, Exhs. 1-4.)

3

Plaintiff and Norris were taken into custody and transported to the Lanett Police Department. Both men were read their *Miranda* rights and both signed waiver forms. After questioning the two suspects, Officer Whaley went to 1108 East 1st Avenue in Lanett, Alabama, based on information provided by Norris that a stolen rifle could be found at that location. Officer Whaley found the address location to be a vacant and abandoned house. All the doors of the home were standing open and the house was filled with trash, including beer cans and drug paraphernalia. Officer Whaley photographed the stolen rifle, then took it to the Lanett Police Department where it was impounded as evidence. (Doc. No. 34, Exhs. 1-4.)

## II.  STANDARD OF REVIEW

Because the special report of Defendants is being considered a motion for summary judgment, the court must determine whether the moving parties are entitled to judgment as a matter of law. To survive the properly supported motion for summary judgment filed by Defendants, Plaintiff is required to produce some evidence which would be admissible at trial supporting his constitutional claims. Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To meet this standard, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990). A plaintiff's

4

conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing adequate to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).

Where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987); *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir. 1999); *Pritchard v. Southern Co. Servs.,* 92 F.3d 1130, 1135 (11th Cir. 1996); *McMillian v. Johnson,* 88 F.3d 1573, 1584-1585 (11th Cir. 1996). Summary judgment is therefore appropriate when the pleadings, admissible evidentiary materials and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c) *Federal Rules of Civil Procedure*; *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown*

*v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).   In this case, Plaintiff has failed to demonstrate that there is a genuine issue of material fact in order to preclude summary judgment.

### III. DISCUSSION

*A.  Chambers County, Alabama*

Although the Supreme Court has held that counties (and other local government entities) are "persons" within the scope of § 1983, and subject to liability, Plaintiff cannot rely upon the theory of *respondeat superior* to hold Chambers County, Alabama liable. *See Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 692 (1978) (finding that § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor"); *Pembaur v. Cincinatti,* 475 U.S. 469, 479 (1986). "It is only when the 'execution of the government" policy or custom ... inflects the injury' that the municipality may be held liable." *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). A county does not incur § 1983 liability for injuries caused solely by its employees. *Monell,* 436 U.S. at 694. Nor does the fact that a plaintiff has suffered a deprivation of federal rights at the hands of a county or municipal employee imply county or municipal culpability and causation. *Bd. of County Com'rs v. Brown,* 520 U.S. 397, 403 (1997).

Here, Plaintiff's complaint fails to articulate a theory under *Monell* under which Chambers County may be held liable.   Consequently, Plaintiff's claims against this Defendant are due to be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B).

*B. Unlawful Arrest*

To the extent that Plaintiff's complaint may be read to assert a claim that Defendants lacked probable cause to stop and arrest him on March 19, 2002, he is entitled to no relief. An brief investigatory stop of an automobile is permissible under the Fourth Amendment where a police officer has reasonable suspicion that a person may be involved in criminal activity. *See Terry v. Ohio*, 392 U.S. 1 (1968). Furthermore, probable cause to arrest exists when an arrest is "objectively reasonable based on the totality of the circumstances." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002)). "This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* (internal quotation marks and citations omitted).

With these standards in mind, the court finds that Defendants had reasonable suspicion sufficient to make an investigatory stop of Plaintiff's car and, subsequently, probable cause to arrest him. As described herein, the un-refuted evidentiary material reflects that prior to Plaintiff's arrest Defendants received information of a burglary in progress at a residence close to the Hillcrest Cemetery. The owner of the residence described the would-be burglars as two black males, one wearing a dark ski mask on his face and the other wearing a blue bandana around his face. Defendant Siggers drove to the cemetery which was on the far side of a wooded area separating the Gragg residence from the cemetery and from which the

7

suspects had reportedly been seen running.  As he drove through the only entrance to the cemetery, Defendant Siggers observed a Ford Mustang coming out from a dead-end road used only by city maintenance employees when working at the cemetery.  Defendant Siggers further observed that the two occupants of the Ford Mustang were black males. Having reasonable suspicion that the occupants of the Ford Mustang had been involved in the burglary at the Gragg residence, Officer Siggers stopped the car and ordered the driver and passenger out of the vehicle. As Plaintiff exited the vehicle, Officer Siggers noticed a dark ski mask hanging from the back pocket of plaintiff's pants.  The occupants of the vehicle were then handcuffed for safety reasons.  Other officers arrived on the scene, including Defendant Carter, who observed a blue bandana, gloves, and duct tape in plain view on the floorboard in front of the passenger seat. (Doc. No. 34, Exhs. 1-4.)

In light of the foregoing, the record before the court establishes that the arresting officers had sufficient knowledge of facts and circumstances which warranted a belief that a criminal offense had been committed and that Plaintiff was involved in committing this offense.  An objectively reasonable officer with the information made available from the victims and the evidence observed by Defendants could have believed that the facts supported the investigatory stop and established probable cause to subsequently arrest Plaintiff for attempted burglary.  *See Terry*, 392 U.S. 1; *McCormick,* 333 F.3d at 1243. Because Plaintiff may only succeed on his claim of false arrest if he is able to demonstrate that Defendants lacked probable cause to stop and arrest him and, as he has failed to do so, summary judgment on this claim is due to be entered in favor of Defendants.

8

*C.  Illegal Search and Seizure*

Plaintiff's complaint that the search of his car incident to his arrest was illegal because Defendants had no probable cause to search the vehicle likewise entitles him to no relief.[1] The Fourth Amendment permits an officer to search a person placed under arrest as an incident to the arrest itself.  *See United States v. Robinson,* 414 U.S. 218 (1973). Further,  a warrantless search of a car is valid if based on probable cause. *California v. Acevedo,* 500 U.S. 565, 569-570 (1991); *see also Carroll v. United States*, 267 U.s. 32, 51 (1925); *Chambers v. Maroney*, 399 U.S. 42, 47-48 (1970).

In *Michigan v. Long*, 463 U.S. 1032 (1983 ), the Court held that the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on "specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant" the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons. *Id*., at 1049(quoting *Terry,* 392 U.S. at 21). "[The] issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Id.*, at 1050 (quoting *Terry* 392 U.S. at 27). The Court also indicated that an officer could search a vehicle even if she was

---

[1]The court notes that this Circuit does not read *Heck v. Humphrey*, 512 U.S. 477 (1994), as compelling a conclusion that all claims of unlawful seizure are barred from review under § 1983. *See Datz v. Kilgore*, 51 F.3d 251, 253 (11ᵗʰ Cir. 1995) (" *Heck v. Humphrey* . . . is no bar to Datz' civil action because, even if the pertinent search did violate the Federal Constitution, Datz' conviction might still be valid considering such doctrines as inevitable discovery, independent source, and harmless error.").

preparing to terminate the detention of the suspect, as it was possible that the suspect would return to his car and then use the weapon. *Id.* at 1051-52.  (Search is permissible even when suspect is already under control of officers, in part because "if the suspect is not placed under arrest, he will be permitted to reenter his automobile, and he will then have access to any weapons inside.").

The evidentiary material filed herein reflects that Defendants lawfully detained Plaintiff, and they had grounds for reasonable suspicion that Plaintiff might have been armed and might attempt to gain immediate control of any weapons due to the information Defendants possessed with regard to the suspects' attempt at a daytime burglary of an occupied dwelling.  Furthermore, when Plaintiff and Norris were removed from the vehicle, police officers observed a ski mask in Plaintiff's pocket and a blue bandana, duct tape, and gloves on the passenger-side floorboard which constituted evidence connecting Plaintiff and Norris to the burglary of the Gragg residence.  Consequently, Defendants had reasonable suspicion to search the passenger compartment of the car for weapons as well as probable cause to search the car for evidence of the burglary of the Gragg residence. Summary judgment on plaintiff's illegal search and seizure claim is, therefore, due to be granted in favor of Defendants.

*D. Illegal Residence Search*

In an amended complaint, Plaintiff makes vague and conclusory allegations regarding Defendants' allegedly illegal recovery of a rifle from a house on 1108 East 1st Avenue, the videotape of which was used in evidence at his criminal trial. Plaintiff appears to assert a

challenge to the sufficiency and validity of the charge brought against him, which culminated in his conviction for first degree burglary and second degree theft of property.[2]  (Doc. Nos. 25, 31; Doc. No. 34, Exh. 7;  *see also McCullough v. Bullard*, Civil Action No. 3:04-CV-631-WHA (M.D. Ala. 2004)).   In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned, and complaints containing such claims must therefore be dismissed.[3]  Because the undersigned concludes that the instant claim goes to the fundamental legality of Plaintiff's convictions for first degree burglary and second degree theft of property, the court concludes that this claim provides no basis for relief at this time.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck,* 512 U.S. 477; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  512 U.S. at 483-489.  The Court emphasized that "habeas corpus is the exclusive

---

[2]Plaintiff was separately indicted for attempted burglary in the first degree of the Gragg residence. (*See* Doc. No. 24, Exh. 6.)

[3]As noted, this Circuit does not read *Heck* as compelling a conclusion that all claims of unconstitutional seizure accrue only upon a termination of the criminal proceedings favorable to the § 1983 complainant. *See Datz v. Kilgore*, 51 F.3d at 253 n. 1; *Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003). However, because the undersigned finds that Plaintiff's claim in his amended complaint regarding an unconstitutional search and seizure is  essentially a challenge directed toward the validity of the underlying charges brought against him and for which he was convicted, such claims do not accrue until a favorable termination is obtained. *Heck*, 512 U.S. at 483-89.

remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The claims presented in Plaintiff's amended complaint contain a challenge to the constitutionality of the theft and burglary convictions imposed on Plaintiff by the Circuit Court for Chambers County in November 2002. (*See* Doc. No. 7.) If this court were to agree

with Plaintiff's allegations regarding the sufficiency and validity of the evidence upon which these criminal convictions were obtained, the court would have to declare the trial which led to Plaintiff's convictions unconstitutional. It is clear from amended complaint that the convictions about which Plaintiff complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on Plaintiff's 2002 convictions for first degree burglary and theft of property in the second degree is prohibited, as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490.

## IV.  CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motion for summary judgment with respect to the unlawful arrest and illegal search and seizure claims (Doc. No. 34) be GRANTED;

2.  Judgment be ENTERED in favor of Defendants and against Plaintiff on the unlawful arrest and illegal search and seizure claims;

3.  Plaintiff's challenge to the validity of his 2002 first degree burglary and second degree theft of property convictions be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii);

4.  Plaintiff's complaint against Defendant Chambers County be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(i);

5.  This case be DISMISSED with prejudice; and

6.  Costs of the proceeding be TAXED against Plaintiff for which execution may

issue.

It is further

ORDERED that the parties shall file any objections to the Recommendation on or before June 14, 2006.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

DONE, this 2nd day of June, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE